1  Robert P. Goe – State Bar No. 137019
   Charity J. Manee – State Bar No. 286481
2  **GOE FORSYTHE & HODGES LLP**
   17701 Cowan, Bldg. D, Suite 210
3  Irvine, CA 92614
   rgoe@goeforlaw.com
4  cmanee@goeforlaw.com
   Telephone:  (949) 798-2460
5  Facsimile:   (949) 955-9437

6  Attorneys for Official Committee of Unsecured Creditors

7

8

9                 **UNITED STATES BANKRUPTCY COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No.  8:22-bk-12142-SC |
| 2ND CHANCE INVESTMENT GROUP, LLC, | Chapter 11 Case |
| Debtor and Debtor in Possession. | Adv. Case No.: 8:23-ap_____-SC |
| | **COMPLAINT FOR:** |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | 1) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05;** |
| Plaintiff, | 2) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(B);** |
| -vs- | 3) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND CAL. CIV. CODE §§ 3439.04(a)(1);** |
| AMERICAN EXPRESS NATIONAL BANK; RAYSHON ANDREW FOSTER, an individual, SONJA FOSTER, an individual and DOES 1-10, | 4) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(A);** |
| Defendants. | 5) **RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550; and** |
| | 6) **DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Official Committee of Unsecured Creditors of the bankruptcy estate of 2ND Chance Investment Group, LLC ("Debtor"), and Plaintiff in this adversary proceeding ("Committee" or "Plaintiff"), respectfully alleges as follows:

## I.    SUBJECT MATTER JURISDICTION AND VENUE

1.    This adversary proceeding arises in and relates to the Debtor's pending chapter 11 bankruptcy case entitled *In re 2nd Chance Investment Group, LLC.*, Case No. 8:22-bk-12142-SC ("Bankruptcy Case").

2.    On December 21, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Bankruptcy Case.

3.    This Court has jurisdiction to adjudicate the issues raised in this adversary proceeding under 28 U.S.C. § 1334.

4.    This action is a core proceeding under 28 U.S.C. § 157(b).  Pursuant to Federal Rule Bankruptcy Procedure 7008, Plaintiff consents to the Bankruptcy Court entering final a judgment and/or order.

5.    This adversary proceeding involves property worth more than $1,000 and does not involve a consumer debt.  Venue in this judicial district is appropriate under 28 U.S.C. §§ 1409(a) and/or (c) because the Bankruptcy Case is pending in the Central District of California.

6.    To the extent Plaintiff asserts claims under 11 U.S.C. § 544, Plaintiff asserts that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or not allowable under 11 U.S.C. § 502(e), who can avoid the prospective transfers as set forth hereinafter under California or other applicate state or federal law.

## II.    THE PARTIES

7.    Plaintiff was appointed as the Creditors' Committee on February 6, 2023.

8.    Pursuant to the Bankruptcy Court's *Order Approving Stipulation Between Debtor and the Official Committee of Unsecured Creditors Granting the Committee Standing to Pursue Certain Avoidance Actions on Behalf of the Estate* entered on March 22, 2023 in the Bankruptcy Case at Docket Entry No. 77, Plaintiff is the representative of the bankruptcy estate whose authority, subject to limitations not relevant to the claims stated herein, includes, but is not limited

to pursuing, suing on, and settling all actions, arising under Bankruptcy Code sections 502, 510, 544, 545, 547, 548, 549, 550 and 553, or any avoidance actions under applicable non-bankruptcy law.  Plaintiff is also empowered to prosecute, pursue, and resolve all claims held by the estate and objections to claims in the Bankruptcy Case.

9.      Plaintiff brings this action solely for the benefit of the estate and its creditors in the Bankruptcy Case.

10.      By virtue of Plaintiff consisting of a committee of creditors of the Debtor, Plaintiff may not have personal knowledge of many of the facts alleged in this Complaint and, therefore, where appropriate, alleges certain facts on information and belief.  Plaintiff reserves its right to amend this Complaint to allege additional claims against the Defendants (defined below) and to challenge and recover transfers made to or for the benefit of the Defendants in addition to those transfers alleged in the Complaint.

11.      On and before the Petition Date, and continuing to the present, Defendant American Express National Bank ("Amex") is a national banking association organized under the laws of the United States of America.

12.      Amex regularly conducts business throughout the State of California.

13.      Defendant Rayshon Andrew Foster ("R. Foster") is an individual and according to the Debtor's List of Equity Security Holders [Docket No. 1 in the Bankruptcy Case at page 10 of 54] is the sole member of the Debtor and at all times was a person in control of the Debtor.

14.      Sonja Foster ("S. Foster") is the spouse of R. Foster (together, the "Fosters") and at all times relevant to this Complaint, was a person in control of the Debtor. Additionally, notwithstanding the Debtor's filed List of Equity Security Holders, the Debtor now contends in its first amended plan and disclosure statement [Docket Nos. 268 and 269 filed respectively in the Bankruptcy Case] that S. Foster is a 48% owner of the Debtor.

15.      Amex and the Fosters shall from hereon, at times, collectively be referred to as the "Defendants."

### III.  **GENERAL ALLEGATIONS**

16.     The allegations contained in paragraphs 1-15, inclusive, are re-alleged and incorporated herein by this reference, as though set forth in full.

17.     Along with its voluntary bankruptcy petition, Debtor filed its Schedule E/F on the Petition Date, in which the Debtor scheduled the following debts, among others: (1) a $209,091.02 "credit card" debt to Amex, no account number indicated, and (2) a $53,741.00 "credit card" debt to Amex, no account number indicated.

18.     On December 30, 2022, Amex filed Proof of Claim 2-1 ("Amex Claim") in the Bankruptcy Case, alleging a debt of $227,492.42 on account of a credit card ending in 1007 ("Account 1007"). Attached to the Amex Claim is a statement for Account 1007 further detailing facets of the alleged claim, including that it is on account of a credit card account in the names of "2nd Chace Invest" and Rayshon A. Foster, with the attached statement showing an address of the account holder of Ste. 440 12523 Limonite Ave., Eastvale CA 91752-3667.

19.     Amex has filed no claims other than the Amex Claim in the Bankruptcy Case.

20.     Debtor has failed and refused to identify to the Committee any alleged Amex account the Debtor had that is different from Account 1007.

21.     Among the documents the Committee obtained and reviewed in investigating potential avoidance actions of the Debtor's estate, the Committee reviewed the Cardmember Agreement with Amex for Account 1007, which identified a "Cardmember Name" of Rayshon Foster and a "Company Name" of" 2ND Chace Invest" dated as of May 12, 2021.

22.     Given that the Company Name for Account 1007 differs from the legal name of the Debtor, and given that the Fosters owned other companies or d/b/a's with similar sounding names to accomplish their fraudulent purposes, it is not clear whether Account 1007 is in fact a credit card of the Debtor.

23.     Based on the foregoing and upon information and belief, many and possibly all of the Transfers were not payment by the Debtor on account of an antecedent debt.

1      **A.**    **Fraudulent Transfers Made From Assets of the Debtor to and for the Benefit**

2           **of Defendants.**

3      24.    During the four years prior to the Petition Date, the Debtor was caused to transfer

4 funds directly to Amex in the aggregate amount of at least $2,341,360 ("Transfers").

5      25.    The Transfers were transfers of money from the Debtor's operating bank account

6 maintained with East West Bank, ending in account number 4577.

7      26.    An itemized listing of the Transfers with details, describing salient aspects of each

8 individual transfer, is attached hereto as **Exhibit "1"** and is incorporated herein.

9      27.    The Transfers were made for the benefit of the Fosters.

10      28.    Plaintiff is informed and believes that, during the four years leading up to the

11 Petition Date, the Fosters caused the Debtor to make the Transfers for their personal benefits,

12 including their multiple other businesses besides the Debtor, and not for any legitimate business

13 purpose of the Debtor.

14      29.    Additionally, even if Account 1007 were an account of the Debtor, which does not

15 seem to be the case, many of the Transfers were made to Amex to pay debts that were not owed by

16 the Debtor since the Transfers began well before Account 1007 was opened "as of" May 12, 2021,

17 and the Transfers made after that date, in many cases, do not appear to match payments received

18 by Amex as reflected on the Account 1007 statements.

19      30.    Some of the payments received by Amex as reflected on the Account 1007

20 statements appear to match up to some of the Transfers, which subset of the Transfers are

21 indicated on Exhibit 1 in the rows that appear shaded and total $1,023,670.34.

22      31.    Defendants intended to conceal their improper Transfers from Debtor's legitimate

23 creditors since they facially appear plausibly related to business activity by virtue of the fact that

24 businesses regularly utilize credit from providers such as Amex and because a credit card in a

25 name similar to that of the Debtor, Account 1007, existed and was intended to appear to be an

26 account of the Debtor.

27

28

32.    Plaintiff is informed and believes that the Transfers were intended to disguise the Fosters' plan to strip the Debtor of its assets and hide the value of those assets or money under third party names in order to defraud, hinder, delay and avoid paying Debtor's genuine creditors.

33.    Upon information and belief, at all times relevant to this Complaint, creditors of the Debtor (holding unsecured claims allowable within the meaning of Sections 502 and 544(b) of the Bankruptcy Code) existed that could have avoided the Transfers described herein under applicable state voidable transfer law including, but not limited to, California Civil Code § 3439 *et seq*.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 544(b)(1); Cal. Code §§ 3439.04(a)(2), 3439.05 Against All Defendants)

34.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 33 as though set forth in full.

35.    The Transfers were transfers of the Debtor's property made within four (4) years of the Petition Date to or for the benefit of the Defendants in the amounts set forth in Exhibits 1.

36.    When the Transfers were made, the Debtor was aware of its mounting debts.

37.    The Debtor received less than reasonably equivalent value in exchange for the Transfers and in fact received no value for the Transfers.

38.    The Debtor was insolvent when the Transfers were made or it became insolvent as a result of the Transfers.

39.    At the time the Transfers were made, the Debtor intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

40.    The Transfers are avoidable pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code §§ 3439.04(a)(2), 3439.05.

## SECOND CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §548(a)(1)(B) Against All Defendants)

41.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 40 as though set forth in full.

42.     The Transfers were transfers of the Debtor's property.

43.     As reflected in Exhibit 1, one hundred and twenty-four (124) transfers totaling $2,182,607 were made within two (2) years of the Petition Date to or for the benefit of the Defendants.

44.     When the subset of the Transfers described in the preceding three paragraphs were made (the "Two-Year Transfers"), the Debtor was aware of its mounting debts.

45.     Debtor received less than reasonably equivalent value in exchange for the Two-Year Transfers.

46.     Debtor was insolvent when the Two-Year Transfers were made or became insolvent as a result of the Two-Year Transfers.

47.     At the time the Two-Year Transfers were made, the Debtor intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

48.     The Two-Year Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

**THIRD CLAIM FOR RELIEF**

**(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 544(b)(1); Cal. Code §§ 3439.04(a)(1) Against All Defendants)**

49.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 48 as though set forth in full.

50.     The Uniform Fraudulent Transfer Act provides, inter alia, that a transfer is fraudulent as to a creditor, regardless of when the creditor's claim arose, if the Debtor made the transfer with the actual intent to hinder, delay, or defraud any creditor. (*See* California Civil Code §3439.04 California Civil Code §3439.04(a)(1).)

51.     As long as the debtor had the requisite fraudulent intent, a transfer will qualify as an actually fraudulent transfer, even if reasonably equivalent value was provided. Because §3439.04(a)(1)'s language regarding the debtor's state of mind is in the disjunctive, intent to defraud a creditor is not required. Either an intent to hinder or an intent to delay a creditor will also suffice.

52.    The Transfers were transfers of the Debtor's property made within four (4) years of the Petition Date. The Transfers were made to Amex on the dates and in the amounts reflected on Exhibits 1.

53.    The Transfers were all made for the benefit of the Fosters.

54.    The Transfers were made with the actual intent to hinder, delay or defraud Debtor's legitimate creditors and were payments made improperly to enrich the Fosters at the expense of the Debtor's legitimate creditors.

55.    Plaintiff is informed and believes and thereon alleges that Plaintiff is entitled to an order and/or judgment that the Transfers are avoided and/or providing to Debtor the value of that property in addition to any other remedy available under applicable law.

**FOURTH CLAIM FOR RELIEF**

**(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 548(a)(1),**

**Against All Defendants)**

56.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 55 as though set forth in full.

57.    Bankruptcy Code section 548(a)(1)(A) provides that a transfer is fraudulent as to a creditor if the Debtor made the transfer with the actual intent to hinder, delay, or defraud any creditor.

58.    The Two-Year Transfers were transfers of the Debtor's property made within two (2) years of the Petition Date to or for the benefit of the Defendants.

59.    The Two-Year Transfers, like all of the Transfers, were made with the actual intent to hinder, delay or defraud Debtor's legitimate creditors.

60.    Plaintiff is informed and believes and thereon alleges that Plaintiff is entitled to an order and/or judgment that the Two-Year Transfers are avoided and/or providing to Debtor the value of that property in addition to any other remedy available under applicable law.

## FIFTH CLAIM FOR RELIEF

### (Recovery of Voidable Transfers Pursuant to 11 U.S.C. § 550 Against All Defendants)

61.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 60 as though set forth in full.

62.    Based on the foregoing claims for relief and the facts set forth herein, the Transfers are all recoverable by Plaintiff.

63.    The Transfers, including the Two-Year Transfers, or the value thereof, are recoverable from the Defendants pursuant to 11 U.S.C. § 550(a).

## SIXTH CLAIM FOR RELIEF

### (Disallowance of Claims Pursuant to 11 U.S.C. § 502 Against All Defendants)

64.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 63 as though set forth in full.

65.    Defendants have not paid the amount of the Transfers, or any part of them, including the Two-Year Transfers, nor turned over such property, for which Defendants are liable under 11 U.S.C. §550.

66.    Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendants and/or their assignees against the Debtor's estate, including but not limited to the Amex Claim, must be disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

67.    Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendants and/or their assignees against the Debtor's estate previously allowed must be reconsidered and disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all of the Transfers which have been avoided under 11 US.C. § 550.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against all Defendants as follows:

## ON THE FIRST AND THIRD CLAIMS FOR RELIEF

1.    For judgment avoiding the Transfers.

**ON THE SECOND AND FOURTH CLAIMS FOR RELIEF**

2.      For judgment avoiding the Two-Year Transfers.

**ON THE FIFTH CLAIM FOR RELIEF**

3.      For recovery of the Transfers or their value in the form of a money judgment.

**ON THE SIXTH CLAIM FOR RELIEF**

4.      Judgment disallowing, in accordance with 11 U.S.C. §§ 502(d) and (j), any claims held by Defendants and/or their assignees until Defendants satisfy the judgment granted in this action.

**ON ALL CLAIMS FOR RELIEF**

5.      For interest as permitted by law from the date of the Transfers;

6.      For costs of suit incurred herein, including, without limitation, attorneys' fees; and

7.      For such other and further relief as the Court deems just and proper.

Dated: November 6, 2023                          Respectfully submitted by,

                                                 **GOE FORSYTHE & HODGES LLP**


                                                 By: /s/ *Robert P. Goe*
                                                     Robert P. Goe
                                                     Charity J. Manee
                                                     Counsel to Official Committee of
                                                     Unsecured Creditors

# EXHIBIT 1

| Date | Amount | |
|---|---:|---|
| 9/24/2019 | 3,200 | EWB |
| 9/30/2019 | 4,000 | EWB |
| 5/19/2020 | 3,000 | |
| 5/26/2020 | 2,902.02 | |
| 5/26/2020 | 5,000 | |
| 6/3/2020 | 5,000 | |
| 6/9/2020 | 3,500 | |
| 6/12/2020 | 7,500 | |
| 8/20/2020 | 4,000 | |
| 8/31/2020 | 1,500 | |
| 9/2/2020 | 9,000 | |
| 9/9/2020 | 13,000 | |
| 9/24/2020 | 5,000 | |
| 9/28/2020 | 700 | |
| 9/30/2020 | 3,500 | |
| 10/1/2020 | 3,000 | |
| 10/6/2020 | 7,500 | |
| 10/8/2020 | 2,500 | |
| 10/8/2020 | 5,000 | |
| 10/16/2020 | 3,000 | |
| 10/19/2020 | 1,500 | |
| 10/23/2020 | 3,000 | |
| 10/26/2020 | 1,000 | |
| 10/27/2020 | 1,000 | |
| 10/30/2030 | 3,000 | |
| 11/2/2020 | 7,500 | |
| 11/3/2020 | 5,000 | |
| 11/9/2020 | 4,000 | |
| 11/12/2020 | 3,000 | |
| 11/16/2020 | 2,250 | |
| 11/16/2020 | 3,000 | |
| 11/18/2020 | 2,500 | |
| 11/20/2020 | 1,500 | |
| 11/23/2020 | 5,000 | |
| 11/27/2020 | 5,550.35 | |
| 12/3/2020 | 1,650 | |
| 12/7/2020 | 5,000 | |
| 12/8/2020 | 8,000 | |
| 12/8/2020 | 3,500 | |
| 3/2/2021 | 13752.31 | EWB |
| 3/5/2021 | 2162.98 | EWB |
| 3/8/2021 | 7500 | EWB |
| 3/12/2021 | 3500 | EWB |
| 3/15/2021 | 7000 | EWB |

| | | |
|---|---|---|
| 3/22/2021 | 7800 | EWB |
| 3/29/2021 | 7500 | EWB |
| 3/30/2021 | 3500 | EWB |
| 3/31/2021 | 2000 | EWB |
| 4/1/2021 | 1052.47 | EWB |
| 4/1/2021 | 10,000 | EWB |
| 4/7/2021 | 219.46 | EWB |
| 4/7/2021 | 1832.51 | EWB |
| 4/7/2021 | 18314.37 | EWB |
| 4/8/2021 | 10500 | EWB |
| 4/9/2021 | 261.54 | EWB |
| 4/12/2021 | 8975.91 | ewb |
| 4/16/2021 | 2500 | ewb |
| 4/19/2021 | 3000 | |
| 4/21/2021 | 5500 | |
| 4/22/2021 | 4000 | |
| 4/22/2021 | 14920.91 | |
| 4/26/2021 | 7750 | |
| 4/27/2021 | 7500 | |
| 4/28/2021 | 16500 | |
| 4/29/2021 | 5000 | |
| 4/30/2021 | 9087.02 | |
| 5/4/2021 | 7500 | |
| 5/5/2021 | 7500 | |
| 5/10/2021 | 6000 | |
| 5/13/2021 | 7750 | |
| 5/17/2021 | 6000 | |
| 5/20/2021 | 3260.04 | |
| 5/28/2021 | 1023.04 | |
| 6/1/2021 | 30,000 | |
| 6/2/2021 | 8,500 | |
| 6/14/2021 | 755.63 | |
| 6/14/2021 | 35,000 | |
| 6/25/2021 | 7,500 | |
| 6/25/2021 | 45,000 | |
| 7/2/2021 | 6500 | |
| 7/2/2021 | 70,000 | |
| 7/6/2021 | 1,000 | |
| 7/6/2021 | 2300.62 | |
| 7/14/2021 | 2,500 | |
| 7/15/2021 | 85,000 | |
| 7/19/2021 | 1,504.87 | |
| 7/26/2021 | 2,000 | |
| 7/27/2021 | 7,956.85 | |

| Date | Amount | Note | |
|---|---|---|---|
| 7/28/2021 | 85,000 | | |
| 8/3/2021 | 85,000 | | |
| 8/9/2021 | 102.38 | | |
| 8/9/2021 | 754 | | |
| 8/9/2021 | 1,300 | | |
| 8/11/2021 | 1,187.88 | | |
| 8/13/2021 | 2,008.59 | | |
| 8/16/2021 | 20,000 | | |
| 8/17/2021 | 20,000 | | |
| 8/19/2021 | 10,000 | | |
| 8/24/2021 | 50,000 | | |
| 8/25/2021 | 5,000 | | |
| 8/25/2021 | 25,000 | | |
| 8/27/2021 | 12,500 | | |
| MISSING | | | |
| 12/6/2021 | 2,500 | | |
| 12/6/2021 | 70,000 | | |
| 12/7/2021 | 75,903.38 | | |
| 12/10/2021 | 3,250.16 | | |
| 12/14/2021 | 2,286.59 | | |
| 1/4/2022 | $100,000 | EWB | |
| 1/10/2022 | $57,950.72 | EWB | |
| 1/12/2022 | $2,515.83 | EWB | |
| 1/18/2022 | $100,000 | EWB | |
| 1/18/2022 | $106,000 | EWB | |
| 1/31/2022 | $66,327.50 | | |
| 2/7/2022 | $500 | EWB | |
| 2/8/2022 | $3,500 | EWB | |
| 2/9/2022 | $3,500 | Ewb | |
| 3/2/2022 | $3,861.14 | EWB ACH | |
| 3/2/2022 | $9.24 | EWB ACH | |
| 3/10/2022 | $1,302.86 | EWB | |
| 3/15/2022 | $793.67 | EWB | |
| 3/24/2022 | $2,000 | EWB | |
| 3/31/2022 | $791.86 | EWB | |
| 4/1/2022 | 2000 | EWB | |
| 4/7/2022 | 2000 | EWB | |
| 12-Apr | 1174.11 | EWB | |
| 5/9/2022 | 7631.57 | EWB | |
| 5/9/2022 | 26484.07 | EWB | |
| 5/11/2022 | 8339.69 | EWB | |
| 5/25/2022 | 2000 | EWB | |
| 5/26/2022 | 93025.77 | EWB | |
| 5/31/2022 | 96898.25 | EWB | |

| Date | Amount | Bank |
|---|---|---|
| 6/6/2022 | 1075.92 | EWB |
| 6/6/2022 | 2000 | EWB |
| 6/6/2022 | 2645 | EWB |
| 6/7/2022 | 1569.67 | EWB |
| 6/7/2022 | 14579.6 | EWB |
| 6/7/2022 | 25782.89 | EWB |
| 6/8/2022 | 2287.62 | EWB |
| 6/13/2022 | 2176.65 | EWB |
| 6/17/2022 | 477.12 | EWB |
| 6/21/2022 | 2000 | EWB |
| 6/21/2022 | 3597.39 | EWB |
| 6/27/2022 | 600 | EWB |
| 6/27/2022 | 1489.79 | EWB |
| 6/28/2022 | 20000 | EWB |
| 6/28/2022 | 125,146.70 | EWB |
| 6/29/2022 | 2,140.91 | EWB |
| 6/29/2022 | 2259.75 | EWB |
| 7/1/2022 | 613 | EWB |
| 7/1/2022 | 41,179.66 | Ewb |
| 7/5/2022 | 1,500 | EWB |
| 7/5/2022 | 1949.6 | EWB |
| 7/6/2022 | 5,000 | EWB |
| 7/7/2022 | 30,230.00 | EWB |
| 7/11/2022 | 2702.46 | |
| 7/12/2022 | 2500 | |
| 7/13/2022 | 2500 | |
| 7/15/2022 | 7500 | |
| 7/21/2022 | 10,000 | EWB |
| 7/21/2022 | 66,543.31 | EWB |
| 7/26/2022 | 1000 | EWB |
| 8/1/2022 | 1399.99 | |
| 8/1/2022 | 108,777.60 | |
| 8/12/2022 | 317.73 | |
| 8/24/2022 | 674.6 | |
| 8/31/2022 | 160.89 | |
| 10/4/2022 | $695.00 | EWB |
| 10/12/2022 | 954.76 | |

2,341,360                                        2182607

1,023,670.34